UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFF TYLER, BRIGADIER GENERAL BOB BROOKE, and KOOTENAI COUNTY REPUBLICAN CENTRAL<br><br>Plaintiffs,<br><br>v.<br><br>COEUR D'ALENE SCHOOL DISTRICT #271,<br><br>Defendant. | Case No. 2:21-cv-00104-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Coeur d'Alene Public School District #271's (the "District" or "Defendant") Motion for Costs and Attorney Fees. Dkt. 28. Defendant also filed a Bill of Costs. Dkt. 28-4.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to DENY the Motion.

## II. BACKGROUND

On March 8, 2021, Plaintiffs Jeff Tyler, Brigadier General Bob Brooke, and

Kootenai County Republican Center Committee ("Plaintiffs") filed their complaint, alleging several causes of action under Idaho Code § 18-2318, the First Amendment of the United States Constitution, the Equal Protection Clause, and Article I, § 2, § 9, and § 10 of the Idaho State Constitution. Dkt. 1.

On March 8, 2021, Plaintiffs filed a Motion for Preliminary and Permanent Injunction. Dkt. 2. The Court held oral argument on August 11, 2021, and on October 20, 2021, the Court issued a Memorandum Decision and Order in District's favor. Dkt. 24. Shortly thereafter, Plaintiffs filed a Notice of Voluntary Dismissal. Dkt. 26. The Court entered an Order of Dismissal on November 5, 2021, dismissing the case without prejudice. Dkt. 27.

The District subsequently filed the instant motion for attorney fees arguing they are entitled to litigation reimbursement pursuant to 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54(d), and Idaho Code § 12-117 because Plaintiffs brought frivolous and unfounded claims against the District. Plaintiffs oppose the motion outright[1] arguing that while the Court denied them injunctive relief, they had a legitimate basis for their claims and the District was not the prevailing party for purposes of attorney fees.

### III. ANALYSIS

The District's Motion for Attorney Fees is made pursuant to § 1988, Idaho Code § 12-117, and Rule 54(d). Dkt. 28. Plaintiffs object to the Motion on various grounds. The Court finds as follows:

---

[1] In other words, Plaintiffs do not even mention hourly rates, hours billed, or total fees in their opposition brief. They object to the award entirely.

MEMORANDUM DECISION AND ORDER – 2

A. Attorney Fees Under § 1988

1. Legal Standard

Section 1988(b) provides that "[i]n any action or proceeding to enforce a provision" of 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Attorney's fees may be awarded to a prevailing defendant in a case brought under § 1983 only upon "a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). This rigorous standard applies to prevailing defendants—as contrasted with prevailing plaintiffs—because the "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Id.* at 418–19 (citation omitted). Indeed, "[t]o take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement" of civil rights statutes such as § 1983. *Id.* at 422. Therefore, the Ninth Circuit has held that attorney fees may be awarded against an unsuccessful § 1983 plaintiff only "in exceptional circumstances" where the court finds "the plaintiff's action was frivolous, unreasonable, or without foundation." *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 968 (9th Cir. 2011) (cleaned up). "In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or

without foundation." *Id.* at 976 (quoting *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006)).

  *2. Analysis*

  Plaintiffs argue that the District is not entitled to attorney fees because the District is not a prevailing party for purposes of § 1988 and, alternatively, because the Plaintiffs' claims were not frivolous, unreasonable, or without foundation. The Court agrees with both points. Because the denial of the preliminary injunction did not change the legal relationship of the parties and the case was voluntarily dismissed without prejudice, the District is not a prevailing party. *See Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995) (finding that "A voluntary dismissal *without prejudice* is ordinarily *not* a final judgment . . ."). And while Plaintiffs were unsuccessful in obtaining a preliminary injunction, Plaintiffs' claims were not frivolous or unreasonable such that this was one of the exceptional § 1983 cases where the defendant could recover attorney fees.

  A favorable ruling on the merits is not a necessary predicate to find that a defendant is a prevailing party. *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 421 (2016). However, to be a prevailing party under § 1988, there must have been "a resolution of the dispute which changes the legal relationship" between the plaintiff and the defendant. *United States v. Manning*, 527 F.3d 828, 841 (9th Cir. 2008) (quoting *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782–92 (1989)). When a case is voluntarily dismissed without prejudice pursuant to Rule 41(a), the defendant is not the

prevailing party because of the lack of a change in legal relationship.[2] *Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009); *Capella Photonics, Inc. v. Cisco Sys. Inc.*, 2019 WL 4242665, at *4 (N.D. Cal. Sept. 6, 2019); *SnugglyCat, Inc. v. Opfer Comms., Inc.*, 953 F.3d 522, 527 (8th Cir. 2020); *United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1303 (11th Cir. 2019).

While the District was successful in defending against Plaintiffs' motion for preliminary injunction, the District is not the "prevailing party" for the whole case. The Court denied injunctive relief but did "not foreclose Plaintiffs from illustrating Defendant ha[d] violated their First Amendment or Equal Protection rights at trial." Dkt. 2, at 28. After the Court denied their motion for preliminary injunction, Plaintiffs requested voluntarily dismissal of the case pursuant to Rule 41(a)(2). Under that rule, the Court dismissed the case without prejudice. Dkt. 27. As such, the Court finds the there is no prevailing party as to the claims dismissed without prejudice in this case.

Even if the District were the prevailing party, attorney fees are not appropriate under § 1988 because the Plaintiffs' claims were not frivolous, unreasonable, or without foundation. "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit." *Galen v. Cnty. of L.A.*, 477 F.3d 652, 666 (9th Cir. 2007) (citing *Christiansburg*, 434 U.S. at 422) "An action is frivolous if it lacks an arguable basis in law or fact." *Santos v. Coley*, 67 F.3d 308 (9th Cir. 1995) (citation omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[2] Defendant remains subject to suit by Plaintiff because the dismissal was without prejudice.

MEMORANDUM DECISION AND ORDER – 5

The District argues attorney fees are warranted here because it was apparent from the outset that Plaintiffs could not establish the violations for exclusion to electioneering and violations of First Amendment Law and Equal Protection clause. Dkt. 28-1, at 6–9. The District highlights that the Court repeatedly stated in its Memorandum Decision denying the motion for preliminary injunction that Plaintiffs' claims were contrary to Idaho law and First Amendment principles. *Id* (citing Dkt. 24, at 6, 14, 17, 23, 27, 29)

Plaintiffs counter that their claims were not frivolous, unreasonable, or without foundation such that this case rises to the level of an "exceptional circumstance" warranting an award of attorney fees to the District. Dkt. 31. Having spent a great deal of time in drafting the decision on injunctive relief in this case, this Court is well versed and fully aware of the parties' arguments concerning the case law and the merits of the issues and claims. Though the Court ultimately found in favor of the District on the Motion for Preliminary and Permanent Injunction, the Court does not find Plaintiffs' claims to have been frivolous, unreasonable, or without foundation. In their Complaint, Plaintiffs alleged causes of action under Idaho Code § 18-2318, the First Amendment of the United States Constitution, the Equal Protection Clause, and Article I, § 2, § 9, and § 10 of the Idaho State Constitution. Dkt. 1. Before denying the motion for preliminary injunction, the Court had to interpret Idaho Code § 18-2318 and engage in First Amendment forum analysis. Dkt. 24. While the Court does not mean to imply that its decision to deny injunctive relief was a close call, the Court points to its in-depth analysis in that decision to highlight that Plaintiffs' claims were not frivolous or without foundation.

While Plaintiffs were ultimately unsuccessful in meeting the standard for a

preliminary injunction, the Court does not find the claims were without some reasoned basis or foundation. Simply put, this is not an "exceptional case" where the defendant is entitled to attorney fees. *See Harris*, 631 F.3d at 968. Accordingly, the Court denies the Motion for Attorney Fees.

### B. Attorney Fees Under Idaho Code § 12-117

The District also seeks recovery of the attorney fees under Idaho Code § 12-117. Dkt. 28-1, at 9–12. Plaintiffs object arguing that their claims plainly present legitimate questions. Dkt. 31 at 2–3. Idaho Code § 12–117 provides in relevant part:

> (1) Unless otherwise provided by statute, in any proceeding involving as adverse parties a state agency or a political subdivision and a person, the state agency, political subdivision or the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, witness fees and other reasonable expenses, if it finds that the nonprevailing party acted without a reasonable basis in fact or law.
>
> (2) If a party to a proceeding prevails on a portion of the case, and the state agency or political subdivision or the court hearing the proceeding, including on appeal, finds that the nonprevailing party acted without a reasonable basis in fact or law with respect to that portion of the case, it shall award the partially prevailing party reasonable attorney's fees, witness fees and other reasonable expenses with respect to that portion of the case on which it prevailed.

Idaho Code § 12–117(1) and (2). This statute is mandatory in nature in that it states, "the court shall award fees" where the losing party acted "without a reasonable basis in fact or law." *City of Osburn v. Randel*, 277 P.3d 353, 354–56 (Idaho 2012) (citing *Rincover v. State*, Dept. of Fin., 976 P.2d 473, 475 (Idaho 1999) and quoting Idaho Code § 12-177(1)). Essentially, attorney fees under Idaho Code § 12-117 are awarded in a qualifying

MEMORANDUM DECISION AND ORDER – 7

proceeding, i.e., the adverse parties are a political subdivision and a person, to a prevailing party where the losing party acted without a reasonable basis in fact or law.

This case is a proceeding falling within Idaho Code § 12-117. The District is a political subdivision and Plaintiffs are persons within the meaning of the statute. *See* Idaho Code § 12-117(6)(c) and (d). However, the Court does not find that Plaintiffs acted without a reasonable basis in fact or law in bringing this claim. Plaintiffs' claims, while unsuccessful at the preliminary injunction stage, were not unreasonable. The Court's ruling that the Plaintiffs were not entitled to injunctive relief was not easily reached nor resolved without extensive research given the nature of the facts making up the claim and the status of the law governing electioneering in this context. *See* Dkt. 24. As such, the Court denies the Motion for Costs and Attorney Fees to the extent it is based on Idaho Code § 12-117.

### C. Costs under Rule 54(d)(1)

The general rule for awarding costs is Rule 54(d), which presumes an award of costs to the prevailing party. Fed. R. Civ. P. 54(d).

As stated previously in this Order, the District was not the prevailing party as to the claims voluntarily dismissed in this case. Therefore, the Court denies Plaintiffs their costs.

### IV. CONCLUSION

In this case, while the District was successful in defending against a preliminary injunction, it was not the prevailing party. No final judgment was entered because the case was voluntarily dismissed without prejudice. Additionally, Plaintiffs, while unsuccessful in obtaining an injunction, did not bring frivolous or unreasonable claims. Therefore, the Court DENIES the Plaintiff's Motion for Attorney Fees.

## V. ORDER

**IT IS HEREBY ORDERED:**

1. Defendants' Motion for Cost and Attorney Fees (Dkt. 28) is DENIED.

DATED: March 17, 2022

_____
David C. Nye
Chief U.S. District Court Judge